David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*GRACE QUINN*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GRACE QUINN,<br><br>                Plaintiff,<br>    v.<br><br>FINANCIAL ASSET MANAGEMENT SYSTEMS, INC,<br><br>                Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, Plaintiff GRACE QUINN, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by Defendant and its agents in their illegal efforts to collect a consumer debt and jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. Plaintiff GRACE QUINN ("Plaintiff") is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. ("FAMS"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

6. Plaintiff allegedly incurred a financial obligation (the "Debt") to NAVIENT (the "Creditor").

7. Plaintiff is informed and believes, and thereon alleges, Debt is regarding a private student loan debt, which is money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  Because the Debt is for student loan

debts, which are primarily for personal, family, or household purposes, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

8. In 2010, Plaintiff ceased making payments on the Debt and defaulted on the Debt and made no voluntary payments thereafter.

9. The Debt was time barred from collection having been in default for more than six (6) years pursuant to NRS 11.1190(1).

10. The Debt was transferred, sold, assigned or otherwise conveyed to Defendant for collection.

11. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

12. However, even though the Debt had been in default and unpaid since at least 2010, FAMS continued demanding payment on the Debt well after (more than 6 years) it was legally permitted to collect the Debt.

**B. FAMS Engages in Harassment and Abusive Tactics**

## FACTS

13. On or about January 24, 2019, Plaintiff received an illegal and time barred dunning letter from FAMS, attempting to collect the time barred debt on behalf of Navient.

14. In part, the letter threatened to take "additional collection efforts" if Plaintiff did not pay the Debt as follows:

> Failure to pay the account in full, agree to a satisfactory repayment arrangement, or utilize another recovery option listed above may result in additional collection efforts. These efforts may include:
> - Contacting your employer to seize a portion of your paycheck through administrative wage garnishment.
> - Intercepting future federal and/or state income tax refunds or other federal payments due you.
> - Assigning your loan(s) to the U.S. Department of Education for collection.
> - Pursuing other lawful collection procedures.

15. FAMS sent another dunning letter dated March 23, 2019, in which it again attempted to collect the Debt. Again, Defendant threatened to take action to collect the Debt as follows:

> Your prompt response is needed to avoid any other collection activity on your account. If you have any questions or you would like to know what other options are available to you, please contact our office.

16. FAMS sent the dunning letters at a time it knew or should have known Plaintiff was represented by counsel regarding this specific account, since it acquired the Debt from Navient with whom the Plaintiff previously engaged counsel to file suit in the District of Nevada. FAMS therefore would or should have known that the Plaintiff was represented by Counsel and upon information and belief FAMS's account records will prove same.

17. FAMS sent the dunning letters threatening to take an action or actions it knew or should have known it was not entitled to take, since FAMS knew or should have known the Debt was time barred pursuant to NRS 11.1109(1), and therefore could not be collected.

18. This suit results.

### C. **Plaintiff Suffered Actual Damages**

19. Plaintiff has suffered and continues to suffer actual damages as a result of FAMS' unlawful conduct.

20. As a direct consequence of FAMS' acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

### **VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.**

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted Plaintiff after it knew or should have known Plaintiff was represented by an attorney regarding the Debt.

23. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant attempted to collected a debt that was no longer legally enforceable and was "time barred" under NRS 11.190.

24. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive, or misleading behavior in connection with the collection of a debt.

25. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant

threatened to take and action against Plaintiff it could not legally take or did not intend to take in collection of a debt.

26. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means to collect a debt.

27. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. Plaintiff is entitled to damages as a result of Defendant's violations.

30. Plaintiff has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment be entered against Defendant awarding Plaintiff:

### VIOLATIONS OF 15 U.S.C. § 1692

1. for actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the

intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. for punitive damages; and

4. for any other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 7, 2019

Respectfully submitted,

By  /s/David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*GRACE QUINN*